■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND A. SIMMONS, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered June 24, 1982, upon a verdict convicting defendant of the crimes of burglary in the second degree and petit larceny. Police were summoned by Peter Phelan to his apartment at 10:30 P.M. on December 14, 1981 when he heard noises from within. Officers arrived and apprehended a James Mans exiting the apartment carrying Phelan's property. While Mans was being arrested, Officer Hinners entered the apartment and confronted Phillip Curtis and a second male who jumped out the window and fled. The officers found items stolen from Phelan's apartment at Mans' residence. Officer Hinners identified defendant from a photo array as the person who fled Phelan's apartment. Defendant was arrested on January 9, 1982. He was subsequently convicted of burglary in the second degree and petit larceny. Defendant contends on this appeal that a prima facie case was not established in that a necessary element was not proven, i.e., that defendant feloniously carried away Phelan's property. We disagree. Defendant was identified as being present in Phelan's residence at the time Mans was caught removing property belonging to Phelan, and it was reasonable for the jury to conclude, pursuant to the accomplice liability charge given by the court, that it was also defendant's purpose to steal Phelan's property (see *People v Bosque,* 78 AD2d 986, mot for lv to app den 52 NY2d 901, cert den 451 US 992). The evidence was sufficient to support the finding that defendant acted in concert with Mans and Curtis and was criminally liable pursuant to section 20.00 of the Penal Law for the others' acts (see *People v Hardy,* 34 AD2d 843). Defendant urges that the court's charge on identification was inadequate and constitutes reversible error. We find that, taking the charge as a whole, it gave adequate guidance to the jury with respect to reviewing and evaluating identification testimony. We find no merit to other issues raised by defendant. Judgment affirmed. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK JEROME HARRIS, Appellant. — Appeal from a judgment of the County Court of Chemung County (Kepner, Jr., J.), rendered July 8, 1982, upon a verdict convicting defendant of the crimes of attempted murder in the second degree and promoting prison contraband in the first degree. Defendant, an inmate at Elmira Correctional Facility, was indicted and charged with attempted murder in the second degree and promoting prison contraband in the first degree. The charges arose out of an incident wherein defendant struck another inmate on the head with a length of pipe causing severe injuries. Defendant admitted the incident but claimed that the victim had initiated the confrontation and that he struck the victim in self-defense. After a trial, defendant was found guilty on both counts and was sentenced to concurrent indeterminate terms of 12½ to 25 years and 3½ to 7 years. Defendant appeals, claiming that the People failed to prove the charge of attempted murder in the second degree beyond a reasonable doubt and that the sentence was harsh and excessive. Specifically, defendant contends that the proof clearly established a defense of justification. The victim testified that defendant, without provocation, struck him on the head with a pipe. Another inmate testified that he saw defendant strike the victim on the head twice with a pipe. That witness did not see what occurred prior to this, but he did testify that the victim had no object in either of his hands at the time he was hit. Defendant testified that the victim struck him with a pipe and that, in self-defense, he picked up another pipe and struck the victim. Defendant produced three witnesses who also testified that the victim

struck defendant first. However, there were inconsistencies in the testimony of the defense witnesses. Moreover, the testimony of each of the defense witnesses was impeached by prior inconsistent statements. Resolution of the facts in this case thus turns on an assessment of the credibility of the witnesses, a matter particularly within the province of the jury as trier of fact (see *People v Siu Wah Tse,* 91 AD2d 350; *People v Samuels,* 68 AD2d 663, affd 50 NY2d 1035). Based upon all of the testimony in the record, it cannot be said that the jury erred in rejecting the justification defense. As for defendant's contention that the sentence imposed for attempted second degree murder was harsh and excessive, we find it unnecessary to consider this point since it appears that the sentence imposed is legally improper. Defendant was sentenced as a violent felony offender (Penal Law, § 70.02) and was given an increased minimum period of imprisonment on the ground that he committed an armed felony (Penal Law, § 70.02, subd 4). The People commendably point out that, since defendant used a pipe and not a firearm, this crime does not come within the definition of an "armed felony" (CPL 1.20, subd 41). While the sentence imposed may have been appropriate for a second felony offender (Penal Law, § 70.04, subd 3, par [a]; subd 4), it is clear from the sentencing minutes that second felony offender status was not sought in this case. Additionally, it appears that the minimum period of imprisonment of the sentence imposed on the conviction of first degree promoting prison contraband was improperly fixed at one half the maximum. Therefore, the matter must be remitted for resentencing. Judgment modified, on the law, by vacating the sentence, matter remitted to the County Court of Chemung County for resentencing, and, as so modified, affirmed. Mahoney, P. J., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.