THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN OF OAKKNOLL, Appellant.

It is not disputed that the defendant shot and killed the victim. The issue was whether the People disproved the defense of justification beyond a reasonable doubt (Penal Law §§ 35.15, 25.00 [1]). The evidence, viewed in the light most favorable to the People (*see, People v Kennedy,* 47 NY2d 196, 203), established that on the first day of deer-hunting season in 1980, the defendant, armed with a 30-30 rifle, approached the victim on land owned by his church. It was apparent from the victim's plaid hunting coat, hunting license tag and shotgun that he was there to hunt. Defendant, however, had no intention of hunting and confronted the victim, in an area only a few hundred yards from defendant's house, to question him about hunting on posted

property. There were no eyewitnesses to the actual shooting. Just prior to the shooting, however, two hunters driving approximately 100 yards away observed the defendant and the victim standing a few feet apart. Defendant was holding his gun toward the ground and the victim was pointing his gun down and away from the direction the defendant was facing. Shortly thereafter, the two hunters heard a shot and saw the defendant walking away "fast" and the victim lying in the road. Defendant then met two game protectors and explained that he shot the victim because "he argued with me and you don't argue with a man with a gun" and because the victim "had his gun pointed at my feet and I shot him, I would have none of that, so I shot him." Defendant never stated to the two game protectors that the victim's gun was pointed anywhere but at his feet; defendant did tell them however, that he did not know whether the victim's gun was loaded. In reference to his own gun, defendant stated "this is a 30-30 rifle, I'm sure it does a good job."

The question for the jury was not merely what the defendant believed but what he had a right to believe under the circumstances (*see, People v Taylor,* 177 NY 237; *People v Rodawald,* 177 NY 408). Based upon this record, the jury could readily conclude that the defendant, not the victim, was the aggressor, and thereby reject the defense of justification (*see, People v Harris,* 97 AD2d 594; *cf. People v Watts,* 57 NY2d 299; *People v Miller,* 39 NY2d 543).

The trial court did not abuse its discretion in ruling on defendant's *Sandoval* motion. The court allowed questioning on only two incidents: one in which the defendant, brandishing a rifle, blocked the path of a woman and her children who were returning home from church; the other in which the defendant fired shots at two hunters as they were driving past defendant's house. The court properly reasoned that each incident revealed a willingness or disposition on the part of the defendant to place the advancement of his self-interest ahead of principle and the interests of society (*People v Sandoval,* 34 NY2d 371, 377, *supra*). The court also properly ruled that the proposed questioning would be allowed for purpose of impeachment only. The fact that these two incidents involved conduct similar to that for which the defendant stood trial does not automatically bar their use for impeachment purposes (*see, People v Pavao,* 59 NY2d 282, 292; *People v Rahman,* 46 NY2d 882; *People v Edwards,* 80 AD2d 993).

Defendant's claims that the court's charge was improper, that errors occurred during jury deliberations and that he was denied a fair trial because of prosecutorial misconduct during summation were not preserved for review (*see,* CPL 470.05 [2]; *People v*

*Thomas,* 50 NY2d 467) and we decline to reach them in the interests of justice. We have considered defendant's remaining claims and find that none requires reversal. (Appeal from judgment of Chautauqua County Court, Adams, J. — murder, second degree.) Present — Hancock, Jr., J. P., Doerr, Boomer, Green and O'Donnell, JJ.