■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS M. O'DONNELL, Appellant.—Casey, J. Appeal from a judgment of the County Court of Saratoga County (Williams, J.), rendered November 4, 1985, upon a verdict convicting defendant of the crimes of sodomy in the first degree (26 counts) and sexual abuse in the first degree.

The crimes of which defendant was convicted involved his adolescent daughter and were alleged to have occurred on a weekly basis from September 1984 until March 1985. According to the testimony of the victim, defendant threatened to beat her with his belt if she told anyone about the incidents. Eventually, she told a high school guidance counselor and defendant was indicted. A physical examination of the victim, conducted approximately a month after the last incident of anal sodomy, revealed no evidence of such crime. However, the examining physician stated that such a finding was not inconsistent with sodomy unless the sodomy also involved physical trauma. The single count of sexual abuse was originally alleged to have occurred in September 1984; this date was changed by a bill of particulars to September 1983. After trial defendant was convicted of all counts as charged and sentenced to an indeterminate term of imprisonment of 7 to 21 years for each sodomy count and 2⅓ to 7 years for sexual abuse, all sentences to run concurrently.

On this appeal, defendant argues that his guilt was not established beyond a reasonable doubt under the two-part test required by *People v Bleakley* (69 NY2d 490). In our view, the verdicts are supported by legally sufficient evidence and are not against the weight of the evidence. The weight of the

evidence turns on the credibility of each witness's testimony. In this case, the jury fully credited the victim, whose testimony demonstrated the complete commission of the crimes charged. Great deference should be accorded the jury's determination in this regard (see, People v Harris, 97 AD2d 594, 595). Implicitly, the jury rejected defendant's contention that he merely engaged in father-daughter conversations with the victim in his bedroom. The testimony of the examining physician is not inconsistent with the verdicts where the crimes were not physically traumatic and the last crime occurred a month before the physical examination. We further find the evidence legally sufficient, since a rational person crediting the victim's testimony would conclude that defendant committed the crimes charged.

Defendant's contention of failure of proof in regard to "forcible compulsion" is meritless. Implicit threats of physical injury as related by the victim are sufficient to establish the compulsion element (People v Sweeter, 125 AD2d 841, lv denied 69 NY2d 750). Defendant's parental status and probable superior position provided an implied threat (see, Penal Law § 130.00 [8]; People v Benjamin R., 103 AD2d 663).

For the first time on this appeal, defendant urges that the indictment violated CPL 200.30 (1) and 200.50 (6). This issue has not been preserved for our review (see, People v Iannone, 45 NY2d 589, 600; People v Di Noia, 105 AD2d 799, 800, lv denied sub nom. People v Rapetti, 64 NY2d 763, cert denied 471 US 1022). In this regard, we find that the indictment should not be dismissed in the interest of justice. Defendant's crimes were alleged to have been committed on a stated weekly basis in separate counts. The rule of People v Keindl (68 NY2d 410), on which defendant mistakenly relies, was not violated.

We have examined defendant's other alleged errors and find them untenable. The judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.