THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES KOBZA, Appellant. [886 NYS2d 265]—

Appeal from a judgment of the Supreme Court, Erie County

(Russell P. Buscaglia, A.J.), rendered September 11, 2007. The judgment convicted defendant, after a jury trial, of course of sexual conduct against a child in the first degree (two counts), rape in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]) and one count of rape in the first degree (§ 130.35 [4]). We reject the contention of defendant that Supreme Court erred in refusing to suppress two incriminating letters that the police found in a hotel room. Defendant had the burden of establishing that he had a legitimate expectation of privacy in the hotel room that was searched by the police (*see People v Ramirez-Portoreal*, 88 NY2d 99, 108 [1996]), and he failed to meet that burden. Inasmuch as defendant failed to check out of the hotel by the required time, he "lost his [legitimate] expectation of privacy in the hotel room and its contents, and the [owner] of the hotel had the authority to consent to the search" by the police (*People v D'Antuono*, 306 AD2d 890 [2003], *lv denied* 100 NY2d 593, 641 [2003]). That search was not rendered illegal by the fact that defendant's tenancy expired while defendant was detained after having been arrested. The officer who conducted the search relied in good faith on the apparent authority of the hotel owner to consent to the search, "and the circumstances reasonably indicated that [the hotel owner] had the requisite authority to consent to the search" (*People v Fontaine*, 27 AD3d 1144, 1145 [2006], *lv denied* 6 NY3d 847 [2006]). The officer who conducted the search was not required to inquire whether defendant was in police custody at that time because the officer was not "faced with a situation [that] would cause a reasonable person to question the consenting party's power or control over the premises" to be searched (*People v Adams*, 53 NY2d 1, 10 [1981], *rearg denied* 54 NY2d 832 [1981], *cert denied* 454 US 854 [1981]). Defendant failed to preserve for our review his further contention that the first two counts of the indictment, which allege course of sexual conduct against a child, are multiplicitous (*see People v Thompson*, 34 AD3d 931, 932 [2006], *lv denied* 7 NY3d 929 [2006]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject the contention of defendant that the court erred in refusing to allow him to substitute assigned counsel. "The deci-

sion to allow a defendant to substitute counsel is largely within the discretion of the trial court" (*People v Sanchez*, 7 AD3d 645, 646 [2004], *lv denied* 3 NY3d 681 [2004]), and the court's decision will be upheld where, as here, the defendant's request is merely an attempt to delay the trial (*see People v Sides*, 75 NY2d 822, 824 [1990]). We agree with defendant, however, that the court erred in admitting testimony concerning defendant's decision not to meet with the police after an initial pre-arrest interview and in allowing the prosecutor to comment on defendant's decision on summation (*see generally People v De George*, 73 NY2d 614, 617-618 [1989]). Nevertheless, we conclude that there is no reasonable possibility that the error might have contributed to defendant's conviction and thus that the error is harmless beyond a reasonable doubt (*see generally People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Brown*, 266 AD2d 838, 838-839 [1999], *lv denied* 94 NY2d 860 [1999]). We further conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Also contrary to defendant's contention, the sentence is not unduly harsh or severe.

Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted of rape in the first degree under Penal Law § 130.35 (1), and it thus must be amended to reflect that he was convicted under Penal Law § 130.35 (4) (*see People v Martinez,* 37 AD3d 1099, 1100 [2007], *lv denied* 8 NY3d 947 [2007]). Present—Smith, J.P., Centra, Fahey, Carni and Pine, JJ.