# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

903

KA 12-00604

PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V          MEMORANDUM AND ORDER

CLARENCE M. JUSTICE, DEFENDANT-APPELLANT.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (MICHAEL S. DEAL OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered September 29, 2010. The judgment convicted defendant, upon a jury verdict, of rape in the third degree (two counts) and criminal sexual act in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of rape in the third degree under Penal Law § 130.25 (2) and criminal sexual act in the third degree under Penal Law § 130.40 (2) and dismissing counts one and three of the indictment, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts each of rape in the third degree (Penal Law § 130.25 [2], [3]) and criminal sexual act in the third degree (§ 130.40 [2], [3]). We reject defendant's contention that the evidence is legally insufficient to support the conviction with respect to the second and fourth counts of the indictment (*see generally People v Bleakley*, 69 NY2d 490, 495). Those counts charge defendant with rape in the third degree and criminal sexual act in the third degree for engaging in vaginal and anal intercourse with the victim without her consent, "where such lack of consent [wa]s by reason of some factor other than incapacity to consent" (§§ 130.25 [3]; 130.40 [3]). The testimony of the victim that defendant had anal and vaginal intercourse with her after she repeatedly told him no, and that "it couldn't happen," is sufficient to establish a prima facie case with respect to those counts (*see generally People v Carroll*, 95 NY2d 375, 383; *People v O'Donnell*, 138 AD2d 896, 896-897, *lv denied* 72 NY2d 864). In addition, the People introduced evidence that sperm was found in the underwear that the victim put on immediately after the sexual conduct and that the DNA in that sperm matched that of defendant. Furthermore, viewing the evidence in light of the elements

of those crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict with respect to those counts is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We agree with defendant, however, that the evidence is legally insufficient to support the conviction of counts one and three of the indictment, charging him with rape in the third degree and criminal sexual act in the third degree, respectively. In both of those counts, the indictment alleged that the victim was less than 17 years of age and that defendant was older than 21 years of age (*see* Penal Law §§ 130.25 [2]; 130.40 [2]). The only evidence submitted by the People concerning defendant's age, however, was the testimony of a police officer that he learned during the course of his investigation that defendant was born in November 1973 and thus that defendant was 35 years old at the time of the incident. We agree with defendant that Supreme Court erred in overruling his hearsay objection to that testimony. That "out-of-court statement[] [was] offered for the truth of the facts asserted [therein] and do[es] not fall within any recognized exception to the hearsay rule" (*People v Geddes*, 49 AD3d 1255, 1256, *lv denied* 10 NY3d 863; *see generally People v Settles*, 46 NY2d 154, 166-167). Indeed, the People failed to establish that the officer obtained the statement from defendant regarding his date of birth under circumstances demonstrating that the statement was against his penal interest or that the testimony was admissible pursuant to some other exception to the hearsay rule (*cf. People v Griffin*, 48 AD3d 1233, 1236, *lv denied* 10 NY3d 840). Thus, "there is no [admissible] evidence of defendant's age, and the circumstantial evidence relied upon by the People does not establish that defendant was at least 21 years old at the time of the crime" (*People v Castro*, 286 AD2d 989, 990, *lv denied* 97 NY2d 680). We therefore modify the judgment accordingly.

We reject defendant's further contention that the court erred in permitting an expert to testify regarding the child sexual abuse accommodation syndrome (CSAAS). "Defendant complains that the expert's testimony was not adequately constrained because certain of the hypothetical questions too closely mirrored the [victim]'s circumstances and therefore improperly bolstered or vouched for [her] credibility so as to prove that the charged crimes occurred. To the extent defendant now complains of specific questions, his argument is not preserved [for our review] because the [majority of those] questions were not objected to at trial" (*People v Spicola*, 16 NY3d 441, 465-466, *cert denied* ___ US ___, 132 S Ct 400). In any event, the Court of Appeals has " 'long held' evidence of psychological syndromes affecting certain crime victims[, including CSAAS,] to be admissible for the purpose of explaining behavior that might be puzzling to a jury" (*id*. at 465; *see People v Carroll*, 95 NY2d 375, 387). Additionally, contrary to defendant's contention, the court properly provided the jury with the standard Criminal Jury Instructions charge on expert testimony, rather than the expanded limiting instruction requested by defendant (*see People v Gregory*, 78 AD3d 1246, 1247-1248, *lv denied* 16 NY3d 831).

     We also reject defendant's contention that the court abused its discretion in permitting the People to introduce evidence in their direct case that defendant engaged in other uncharged sexual conduct with the victim on the day of the incident and that he made veiled threats to her.  That evidence was admissible to complete the narrative of the events charged in the indictment and to explain how the victim's fear of defendant may have led to her delay in reporting the incident (see People v Shofkom, 63 AD3d 1286, 1287, lv denied 13 NY3d 799, appeal dismissed 13 NY3d 933; People v Workman, 56 AD3d 1155, 1156-1157, lv denied 12 NY3d 789; People v Higgins, 12 AD3d 775, 777-778, lv denied 4 NY3d 764).  Consequently, "the evidence in this case was not propensity evidence . . . ; it provided necessary background information on the nature of the relationship and placed the charged conduct in context" (People v Dorm, 12 NY3d 16, 19).

     Defendant failed to preserve for our review his further contention that the court negated the presumption of innocence by instructing the jurors not to deliberate prior to the conclusion of the trial without also instructing the jury at that time that defendant is presumed innocent.  Contrary to defendant's assertion, that contention does not raise a mode of proceedings error, and thus preservation is required.  Notably, defendant's challenge is not to the instruction that the court gave, which was proper (see generally People v Horney, 112 AD2d 841, 843, lv denied 66 NY2d 615); rather, as stated above, his challenge is to the court's failure to provide a presumption of innocence instruction at that time in addition to providing that instruction as part of its final instructions.  Defendant, however, failed to preserve that contention for our review "by a timely objection or request to charge" (People v Bonaparte, 78 NY2d 26, 31 n), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).

     Contrary to defendant's contention, the court did not err in permitting a witness to testify that, two days after the incident, the victim reported that she had been the victim of a sexual attack.  In defense counsel's opening statement and cross-examination of the victim, he raised the defense that the victim had fabricated the incident to "deflect[] attention from herself" and her drug use.  Where, as here, "a 'witness'[s] testimony is assailed—either directly or inferentially—as a recent fabrication, the witness may be rehabilitated' with a prior consistent statement made at a time predating the motive to fabricate" (People v Rosario, 17 NY3d 501, 513, quoting People v McDaniel, 81 NY2d 10, 18).  Here, defendant contended that the victim invented a story of rape after she was caught with drugs, but the witness testified that the victim reported the rape before that time.

     The majority of defendant's contentions with respect to alleged instances of prosecutorial misconduct during the summation are not preserved for our review (see CPL 470.05 [2]).  In any event, even assuming, arguendo, that some of the prosecutor's comments were not a fair response to defense counsel's summation or were not within the " 'broad bounds of rhetorical comment permissible in closing

argument' " (*People v Williams*, 28 AD3d 1059, 1061, *affd* 8 NY3d 854, quoting *People v Galloway*, 54 NY2d 396, 399), we conclude that "they were not so egregious as to deprive defendant of a fair trial" (*People v McEathron*, 86 AD3d 915, 916, *lv denied* 19 NY3d 975; *see People v Rivera*, 281 AD2d 927, 928, *lv denied* 96 NY2d 906; *People v Walker*, 234 AD2d 962, 963, *lv denied* 89 NY2d 1042).

We agree with defendant, however, that the "court erred in admitting testimony concerning defendant's decision not to meet with the police . . . and in allowing the prosecutor to comment on defendant's decision on summation" (*People v Kobza*, 66 AD3d 1387, 1389*, lv denied* 13 NY3d 939*; see generally People v De George*, 73 NY2d 614, 617-618).  Nevertheless, we conclude that there is "no reasonable possibility that the error might have contributed to defendant's conviction and thus that the error is harmless beyond a reasonable doubt" (*Kobza*, 66 AD3d at 1389; *see generally People v Crimmins*, 36 NY2d 230, 237).

The sentence is not unduly harsh or severe.  We have considered defendant's remaining contentions and conclude that none requires reversal or further modification of the judgment.

Entered:  October 5, 2012                    Frances E. Cafarell
                                             Clerk of the Court