People v Elmore (2019 NY Slip Op 06300)





People v Elmore


2019 NY Slip Op 06300


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


600 KA 13-01006

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBBIE C. ELMORE, SR., DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT.


 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered July 13, 2012. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the first degree (two counts), attempted criminal sexual act in the first degree, criminal sexual act in the second degree (two counts), criminal sexual act in the third degree (two counts), incest in the third degree (two counts) and intimidating a victim or witness in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of attempted criminal sexual act in the first degree (Penal Law §§ 110.00, 130.50 [1]), intimidating a victim or witness in the third degree (§ 215.15), and two counts each of criminal sexual act in the first degree (§ 130.50 [1]), criminal sexual act in the second degree (§ 130.45 [1]), criminal sexual act in the third degree (§ 130.40 [3]), and incest in the third degree (§ 255.25).
We reject defendant's contention that County Court abused its discretion in its Molineux ruling. It is well established that "[e]vidence of a defendant's prior bad acts may be admissible when it is relevant to a material issue in the case other than defendant's criminal propensity" (People v Dorm, 12 NY3d 16, 19 [2009]). Here, the victim of the charged crimes was defendant's family member, and testimony from the victim upon redirect examination about uncharged acts of defendant's prior abuse of other family members was properly admitted in evidence for the purposes of completing the narrative and providing relevant background information of the family dynamic, and was relevant to the element of forcible compulsion with respect to the charges of criminal sexual act in the first degree (see People v Washington, 122 AD3d 1406, 1408 [4th Dept 2014], lv denied 25 NY3d 1173 [2015]; People v Ennis, 107 AD3d 1617, 1618 [4th Dept 2013], lv denied 22 NY3d 1040 [2013], reconsideration denied 23 NY3d 1036 [2014]; People v Higgins, 12 AD3d 775, 777-778 [3d Dept 2004], lv denied 4 NY3d 764 [2005]). Contrary to defendant's contention, the probative value of that evidence was not outweighed by its potential for prejudice (see generally People v Alvino, 71 NY2d 233, 242 [1987]) and, moreover, the court's prompt limiting instructions ameliorated any prejudice (see People v Larkins, 153 AD3d 1584, 1587 [4th Dept 2017], lv denied 30 NY3d 1061 [2017]).
Defendant's contention that the evidence is legally insufficient with respect to his conviction of the counts of criminal sexual act in the first degree and attempted criminal sexual act in the first degree is preserved for our review because, in his motion for a trial order of dismissal, he specifically argued that the People did not meet their burden of establishing the element of forcible compulsion. His sufficiency contention with respect to the remaining counts of which he was convicted, however, is unpreserved because defendant made a general, unspecific motion to dismiss those counts, arguing merely that the People failed to meet their prima facie burden (see People v Gray, 86 NY2d 10, 19 [1995]; People v Streeter, 166 AD3d [*2]1509, 1510 [4th Dept 2018], lv denied 32 NY3d 1210 [2019]).
With respect to the counts of criminal sexual act in the first degree and attempted criminal sexual act in the first degree, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction. There was ample evidence that, during each of the separate instances at issue, defendant used violence, or threatened to use violence, to get the victim to, or attempt to make her, perform oral sex on him (see Penal Law §§ 130.00 [8]; 130.50 [1]). The victim testified that, during one such incident, based on her prior experience living with defendant she feared that defendant would subject her to physical abuse if she did not comply with his demand for oral sex (see People v Bailey, 178 AD2d 846, 847 [3d Dept 1991], lv denied 79 NY2d 943 [1992]). The victim further testified that, during another such incident, defendant made an implied threat that he would hurt her if she did not comply (see People v O'Donnell, 138 AD2d 896, 897 [3d Dept 1988], lv denied 72 NY2d 864 [1988]).
Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even assuming, arguendo, that a different verdict would not have been unreasonable, we cannot conclude " that the jury failed to give the evidence the weight it should be accorded' " (People v Ray, 159 AD3d 1429, 1430 [4th Dept 2018], lv denied 31 NY3d 1086 [2018]; see generally Bleakley, 69 NY2d at 495). To the extent that defendant contends that the victim's testimony was not credible, "the jury was in the best position to assess [her] credibility" (People v Chelley, 121 AD3d 1505, 1506 [4th Dept 2014], lv denied 24 NY3d 1218 [2015], reconsideration denied 25 NY3d 1070 [2015] [internal quotation marks omitted]), and we perceive no reason to reject the jury's credibility determination. Moreover, we "note that [the victim's] testimony was not so inconsistent or unbelievable as to render it incredible as a matter of law" (People v Edwards, 159 AD3d 1425, 1426 [4th Dept 2018], lv denied 31 NY3d 1116 [2018] [internal quotation marks omitted]).
Although we agree with defendant that certain of the prosecutor's comments during his opening statement and summation were improper—such as, inter alia, his characterization of defendant as a "monster"—we nevertheless conclude that, viewing the opening statement and summation as a whole, those comments "were not so pervasive or egregious as to deprive defendant of a fair trial" (People v Black, 124 AD3d 1365, 1366 [4th Dept 2015], lv denied 26 NY3d 926 [2015] [internal quotation marks omitted]; see People v Jones, 114 AD3d 1239, 1241 [4th Dept 2014], lv denied 23 NY3d 1038 [2014], lv denied 25 NY3d 1166 [2015]). Thus, contrary to defendant's further contention, we also conclude that defense counsel's failure to object to all but one of these comments did not constitute ineffective assistance of counsel (see Black, 124 AD3d at 1366; People v Williams, 98 AD3d 1279, 1280 [4th Dept 2012], lv denied 20 NY3d 1066 [2013]).
We further reject defendant's remaining contentions that he was denied effective assistance of counsel at trial (see generally People v Baldi, 54 NY2d 137, 147 [1981]). To the extent he contends that defense counsel was ineffective for allegedly not seeking to admit certain evidence about other sexual abuse allegedly suffered by the victim, we conclude that counsel did, in fact, seek to admit that evidence and that the court denied that request.
We also conclude that defense counsel was not ineffective for failing to call an expert witness at trial. Defendant failed to demonstrate the absence of strategic or other legitimate explanations for that alleged deficiency (see generally People v Howie, 149 AD3d 1497, 1499-1500 [4th Dept 2017], lv denied 29 NY3d 1128 [2017]). The People did not call their own expert to testify at trial, and it is likely that, had defendant sought to introduce expert testimony, it would have opened the door for testimony from the People's expert (see generally People v Rodriguez, 159 AD3d 631, 632 [1st Dept 2018], lv denied 31 NY3d 1121 [2018]).
Defendant's contention that the court should have conducted a hearing concerning certain purported errors in the presentence report is unpreserved because, despite objecting to several of these errors at sentencing, defendant never specifically requested a hearing (see Jones, 114 AD3d at 1242). In any event, that contention is without merit, inasmuch as defendant clearly apprised the court of the complained-of errors in the presentence report, and there is no indication in the [*3]record that the court relied on any of these alleged errors in imposing sentence (see People v McManus, 150 AD3d 762, 764 [2d Dept 2017], lv denied 29 NY3d 1093 [2017]; People v Gibbons, 101 AD3d 1615, 1616 [4th Dept 2012]).
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court