■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS BENJAMIN GRIFFIN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that his conviction for burglary in the second degree is based upon legally insufficient evidence. He asserts that because the complainant permitted his entry into her apartment, the evidence failed to establish that he entered or remained unlawfully as required by statute *(see,* Penal Law § 140.00 [5]; § 140.25). The argument is without merit.

Defendant was admitted into the apartment by the 15-year-old complainant after he falsely told the complainant that he represented "Action for a Better Community" and that he was there to interview her for a summer modeling job. A person is not licensed or privileged to gain entry into a building or apartment by means of deception or misrepresentation. " 'The intruder who breaches the barrier with a lie or deception * * * is no less dangerous than his more stealthy cohorts, and nothing in the statute suggests an intent to exempt him from liability' " *(People v Thompson,* 116 AD2d 377, 380; *see also, People v Hutchinson,* 124 Misc 2d 487, *affd* 121 AD2d 849, *lv denied* 68 NY2d 770). Accordingly, defendant's entry into the apartment was unlawful and the evidence was sufficient to support the burglary conviction.

We also find that evidence of a similar uncharged crime was properly received on the issue of defendant's intent *(see, People v Alvino,* 71 NY2d 233; *People v Molineux,* 168 NY 264). The court properly instructed the jury on that subject when the evidence was admitted and did so again in its charge.

We have reviewed the remaining issues raised by defendant and find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Doyle, J.—rape, first degree, and other charges.) Present—Dillon, P. J., Doerr, Green, Pine and Davis, JJ.