■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT STEED, Appellant. [678 NYS2d 93] —Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered February 22, 1996, convicting defendant, after a jury trial, of grand larceny in the second degree, criminal possession of stolen property in the second degree, grand larceny in the fourth

degree and offering a false instrument for filing in the first degree, and sentencing him to concurrent terms of 5 to 15 years, 5 to 15 years, 1 year and 1 year, respectively, unanimously affirmed.

We reject defendant's contention that he was denied his right to appear before the Grand Jury that considered the welfare fraud charges, since there was no felony complaint pending against him pertaining to that matter, and his letter requesting to testify clearly applied to the then-entirely-separate travel agency case, in which a felony complaint was pending.

The court properly joined the indictments for trial, since evidence of the grand larceny in the travel agency case ultimately became material and admissible in establishing defendant's guilt of welfare fraud (CPL 200.20 [2] [b]). We reject defendant's contention that the consolidation ruling was inconsistent with the prior ruling on Grand Jury notice. At the Grand Jury stage, the cases were unrelated and the People presented completely separate evidence supporting each indictment.

Defendant's suppression motion was properly denied. The police entry into defendant's apartment, as they waited for him to get dressed, was entirely consensual and, in any event, the evidence in question was unconnected to the entry into the apartment.

We perceive no abuse of sentencing discretion.

We have considered defendant's remaining contention and find it to be without merit. Concur—Milonas, J. P., Rosenberger, Ellerin, Wallach and Williams, JJ.