■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN THOMAS, Appellant. [811 NYS2d 369]—

Judgment, Supreme Court, New York County (Michael J. Obus, J., on dismissal motion; James A. Yates, J., at jury trial and sentence), rendered April 16, 2003, convicting defendant of

rape in the first degree (four counts), sodomy in the first degree (four counts), kidnapping in the second degree (four counts), attempted rape in the first degree, sexual abuse in the first degree (eleven counts), and sodomy in the third degree (two counts), and sentencing him, as a persistent violent felony offender, to an aggregate term of 500 years to life, unanimously affirmed.

The motion court correctly determined that the notice provisions of CPL 190.50 (5) do not obligate the People to provide notice of separate charges presented to a grand jury which are not included in a pending felony complaint (*People v Clark*, 240 AD2d 325 [1997], *lv denied* 91 NY2d 890 [1998]; *see also People v Pressley*, 259 AD2d 416 [1999], *affd* 94 NY2d 935 [2000]). This rule not only applies where the additional charges considered by the grand jury arose from the same incident as those in the felony complaint, but also where they arise from a separate incident that is not the subject of a felony complaint (*see e.g. People v Choi*, 210 AD2d 495, 496 [1994], *lv denied* 85 NY2d 971 [1995]; *People v Feliciano*, 207 AD2d 803 [1994], *lv denied* 84 NY2d 1031 [1995]). In any event, we note that at the time in question defendant was on notice that he was a suspect in the additional cases.

To the extent defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review it, we would find it to be without merit.

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit (*see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]). Defendant's mandatory sentence was based on his prior convictions (*see Almendarez-Torres v United States*, 523 US 224 [1998]). Concur—Mazzarelli, J.P., Marlow, Nardelli, Gonzalez and McGuire, JJ.