THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK MURPHY, Also Known as FRANCIS W. MURPHY, III, Appellant. [813 NYS2d 837]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered August 4, 2003. The judgment convicted defendant, after a nonjury trial, of murder in the second degree (five counts) and robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a nonjury trial, of four counts of intentional murder in the second degree (Penal Law § 125.25 [1]) and one count each of felony murder in the second degree (§ 125.25 [3]) and robbery in the first degree (§ 160.15 [2]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see People v Gray*, 86 NY2d 10, 19 [1995]) and, in any event, that contention lacks merit. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that "there is a 'valid line of reasoning and permissible inferences [that] could lead a rational person to the conclusion reached by the fact finder' " (*People v DeNormand*, 1 AD3d 1047, 1048, *lv denied* 1 NY3d 626 [2004]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant also failed to preserve for our review his contention that Supreme Court erred in admitting identification testimony that was based on an identification procedure not set forth in the CPL 710.30 notice (*see* CPL 470.05 [2]; *People v Pagan*, 248 AD2d 325 [1998], *affd* 93 NY2d 891 [1999]; *People v Hunter*, 122 AD2d 166 [1986], *lv denied* 68 NY2d 770 [1986]). In any event, we conclude that any error in the admission of that testimony is harmless (*see People v Peterkin*, 245 AD2d 1050, 1051 [1997], *lv denied* 91 NY2d 1011 [1998]; *People v Winslow*, 213 AD2d 435 [1995], *lv denied* 85 NY2d 982 [1995]; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

We conclude that the court properly denied defendant's motion for severance. The offenses were joinable under CPL 200.20 (2) (b), and thus the court lacked statutory authority to grant defendant's motion (*see People v Cornell*, 17 AD3d 1010, 1011 [2005], *lv denied* 5 NY3d 805 [2005]; *see also People v Bongarzone*, 69 NY2d 892, 895 [1987]; *People v Fontanez*, 278 AD2d 933, 934-935 [2000], *lv denied* 96 NY2d 862 [2001]). Contrary to defendant's contention, "the[ ] offenses were inextricably interwoven" (*People v Vick*, 19 AD3d 321, 321 [2005]), and the evidence of each offense helps establish the identity of the perpetrator of the other offenses (*see People v Mullins*, 247 AD2d 885, 886 [1998], *lv denied* 92 NY2d 928 [1998]; *see also People v Richardson*, 235 AD2d 502, 503 [1997], *lv denied* 89 NY2d 1014 [1997]).

We reject defendant's further contention that the court erred in admitting the hearsay statements of one of the victims that he was going to meet defendant (*see People v James*, 93 NY2d 620, 634-635 [1999]; *People v D'Arton*, 289 AD2d 711, 712-713 [2001], *lv denied* 97 NY2d 728 [2002]). Finally, contrary to the contentions of defendant, he received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]), and the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Smith and Pine, JJ.