■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ARROYO, Appellant. [908 NYS2d 665]—

Order, Supreme Court, New York County (William A. Wetzel, J.), entered on or about July 9, 2008, which denied defendant's CPL 440.10 motion to vacate his judgment of conviction on the ground of ineffective assistance of counsel, unanimously affirmed.

Defendant was convicted of shooting and permanently disabling one victim, and, in a prior related incident, of forcibly entering an apartment for the purpose of assaulting an occupant, who was the shooting victim's cousin. Defendant asserts that his trial counsel rendered ineffective assistance by failing to interview the burglary victim's friend, who would have allegedly provided helpful testimony on several issues, by failing to investigate a potential alibi defense regarding defendant's alleged presence at a laundromat at the time of the shooting, and by failing to conduct sufficient trial preparation and cross-examination of witnesses. However, we find that defendant received effective assistance under both the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]), and that no hearing on the CPL article 440 motion was necessary.

With regard to the burglary victim's friend, we conclude that regardless of whether counsel should have interviewed her, defendant has not shown that she would have provided exculpatory or otherwise helpful testimony. Initially, we note that although factual allegations in support of a CPL article 440 motion may be made on information and belief (CPL 440.30 [1]), the absence of an affidavit by the potential witness delineating, in her own words, the testimony she might have given weakens defendant's position on the motion. According to an investigator's affidavit, the potential witness would have testified that she had a conversation with the burglary victim shortly after the shooting, in which the burglary victim gave the potential witness the "impression" that she had told the police defendant had shot her cousin. Defendant claims that a chain of inferences leads from this "impression" to the conclusion that the burglary victim (who undisputedly was not a witness to the shooting) may have influenced her cousin to name defendant falsely as the person who shot him. However, the potential witness's testimony would have been too speculative to have undermined the shooting victim's testimony, and it may not have been admissible, given issues of hearsay and relevance. Defendant also asserts that the potential witness would have cast doubt on whether the burglary incident actually involved an unlawful entry. However, this witness was not present dur-

ing that incident, and her testimony about defendant's presence at the apartment on prior occasions had little or no relevance.

As for counsel's failure to investigate the possibility that defendant may have been at a nearby laundromat at the time of the shooting, counsel explained in an affidavit submitted by the People in opposition to the motion that he never pursued an alibi defense because defendant told him he was guilty. Since an attorney may not assist a client in presenting false evidence (*Nix v Whiteside*, 475 US 157, 166 [1986]), counsel had an objectively reasonable explanation for his actions. Furthermore, defendant has not shown that an investigation by counsel had any reasonable possibility of yielding useful evidence. Although defendant has presented some evidence that the laundromat may have had a surveillance camera in operation at the time, his assertion that his presence may have been captured on videotape or remembered by an unidentified witness is extremely speculative. Moreover, evidence that defendant was in this laundromat at the time of the shooting would have had little alibi value because of the close proximity between the two locations.

Defendant has not substantiated his claim of inadequate trial preparation. The trial record establishes that counsel conducted reasonably competent cross-examinations of prosecution witnesses, and that there are reasonable strategic justifications for the omissions cited by defendant.

We conclude that the various deficiencies alleged by defendant in his motion and on this appeal, whether viewed individually or collectively, did not deprive defendant of a fair trial, affect the outcome of the case, or cause defendant any prejudice. Regardless of whether counsel's omissions were "unprofessional errors," there is no "probability sufficient to undermine confidence in the outcome" (*Strickland*, 466 US at 694) that, but for these errors, the verdict would have been more favorable to defendant with regard to either the shooting incident or the burglary.

Finally, the court properly exercised its discretion in denying the motion without holding a hearing. The trial record and the parties' submissions were sufficient to decide the motion, and there was no factual dispute requiring a hearing (*see People v Satterfield*, 66 NY2d 796, 799-800 [1985]). In particular, with regard to the issue of whether it was reasonable to avoid presenting an alibi defense, defendant never specifically denied admitting his guilt to his counsel, and the court had sufficient information upon which to resolve that issue without a hearing. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Acosta and Román, JJ.