# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**595**

**KA 07-01561**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

               V                                     MEMORANDUM AND ORDER

KEITH B. KILBURY, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (SUSAN C. AZZARELLI OF COUNSEL), FOR RESPONDENT.

---

      Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered March 2, 2007. The judgment convicted defendant, upon a jury verdict, of rape in the first degree (two counts), sexual abuse in the first degree (three counts), rape in the third degree (two counts), endangering the welfare of a child, sexual abuse in the second degree (two counts) and sexual abuse in the third degree (three counts).

      It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

      Memorandum: On appeal from a judgment convicting him following a jury trial of two counts each of rape in the first degree (Penal Law § 130.35 [1]), rape in the third degree (§ 130.25 [2]), and sexual abuse in the second degree (§ 130.60 [2]), three counts each of sexual abuse in the first degree (§ 130.65 [1]) and sexual abuse in the third degree (§ 130.55), and one count of endangering the welfare of a child (§ 260.10 [1]), defendant contends that he was denied effective assistance of counsel. We reject that contention (*see generally People v Baldi*, 54 NY2d 137, 147). Specifically, the fact that defense counsel did not move pursuant to CPL 200.20 (2) (c) to sever the two counts of the indictment stemming from an incident in 1998 from the 11 counts stemming from an incident in 2001 against the same victim does not constitute ineffective assistance of counsel. "Defendant has not shown that a [severance] motion, if made, would have been successful and thus has failed to establish that defense counsel was ineffective in failing to make such a motion" (*People v Borcyk*, 60 AD3d 1489, 1490, *lv denied* 12 NY3d 923). We reject defendant's further contention that defense counsel was ineffective in failing to call an expert witness on the subject of child sexual abuse accommodation syndrome. "Defendant has not demonstrated that such testimony was available, that it would have assisted the jury in its

determination or that he was prejudiced by its absence" (*People v Castricone*, 224 AD2d 1019, 1020; *see People v Brandi E.*, 38 AD3d 1218, 1219, *lv denied* 9 NY3d 863). We agree with defendant, however, that defense counsel should have objected to a prosecutorial comment on summation that had the potential to deflect the attention of the jurors from the issues of defendant's guilt or innocence and to "cause them instead to focus on protecting the victim and correcting an alleged error in the child protective system" (*People v Ballerstein*, 52 AD3d 1192, 1194). Nevertheless, we conclude that the failure of defense counsel to object to that isolated comment, which "was not so egregious or improper as to deny defendant a fair trial" (*People v Walker*, 50 AD3d 1452, 1453, *lv denied* 11 NY3d 795, 931), did not render defense counsel ineffective (*see generally Baldi*, 54 NY2d at 147). With respect to the remaining instances of alleged ineffective assistance advanced by defendant, we conclude that he has failed to establish " 'the absence of strategic or other legitimate explanations' for [defense] counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712).

Contrary to defendant's contention, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, [we] must give '[g]reat deference . . . [to the] fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor' " (*People v Harris*, 15 AD3d 966, 967, *lv denied* 4 NY3d 831, quoting *Bleakley*, 69 NY2d at 495). Although an acquittal would not have been unreasonable given the inconsistencies in the victim's testimony, it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see generally Bleakley*, 69 NY2d at 495). We further conclude that the sentence is not unduly harsh or severe.

Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted of two counts of endangering the welfare of a child and one count of sexual abuse in the second degree and was sentenced as a second felony offender. The certificate of conviction must therefore be amended to reflect that defendant was convicted of one count of endangering the welfare of a child and two counts of sexual abuse in the second degree and that he was sentenced as a second violent felony offender (*see People v Martinez*, 37 AD3d 1099, 1100, *lv denied* 8 NY3d 947).

Entered: April 29, 2011                    Patricia L. Morgan
                                           Clerk of the Court