# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1000**

**KA 12-00229**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                                    MEMORANDUM AND ORDER

DAVID F. MCNAMARA, DEFENDANT-RESPONDENT.

---

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR APPELLANT.

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Cayuga County Court (Mark H. Fandrich, A.J.), entered November 21, 2011. The order granted the motion of defendant to dismiss the indictment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, the motion is denied, the indictment is reinstated and the matter is remitted to Cayuga County Court for further proceedings on the indictment.

Memorandum: On this appeal by the People from an order granting defendant's motion to dismiss the indictment, we reject at the outset their contention that County Court lacked authority to grant defendant's motion because the court granted the motion upon a ground that was not timely asserted. According to the People, the only timely asserted ground for dismissal was that the People failed to inform defense counsel of charges other than the initial drug charges against defendant, but the court granted the motion on a different ground, i.e., that defendant's notice of appearance served as his request to testify before the grand jury with respect to the subsequent homicide charges against defendant and he was denied the right to testify. We note, however, that defendant's motion referenced the notice of appearance as the document that reserved defendant's right to testify before the grand jury, and in their opposing affidavit the People in fact addressed the ground on which the motion was granted, i.e., they contended that the notice of appearance was solely in connection with the initial drug charges and did not serve as defendant's request to testify regarding the homicide charges. Thus, it cannot be said that the court deprived the People of "the opportunity to address any alleged defects prior to dismissal of [the] indictment" (*People v Santmyer*, 255 AD2d 871, 872, *lv denied* 93 NY2d 902; *see* CPL 210.45 [2], [6]).

Nevertheless, we agree with the People on the merits that

defendant was not denied his statutory right to testify before the grand jury and thus that the court erred in granting his motion to dismiss the indictment on that ground (*see generally* CPL 190.50 [5] [a]; *People v Smith*, 18 AD3d 888, *lv denied* 5 NY3d 794).  Defendant was not subject to an undisposed felony complaint in a local criminal court, and thus the District Attorney was not required to provide defendant with notice that the matter was going to be presented to a grand jury and to "accord the defendant a reasonable time to exercise his right to appear as witness therein" (CPL 190.50 [5] [a]; *see People v Woodard*, 197 AD2d 905; *People v Simmons*, 178 AD2d 972, 972, *lv denied* 79 NY2d 1007).  Furthermore, defendant's notice of appearance applied only to the "then-entirely-separate [drug charges]" and not to the subsequent homicide charges at issue, and the People therefore were not obligated to consider the notification, which included the request to testify, as pertaining to the subsequent homicide charges (*People v Steed*, 253 AD2d 714, 715, *lv denied* 92 NY2d 1054).  Thus, the notice of appearance did not trigger defendant's right to notification of the presentment of the homicide case.

Entered:  October 5, 2012                      Frances E. Cafarell
                                               Clerk of the Court