# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**984**

**KA 09-02478**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

WILLIAM CULLEN, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MARIA MALDONADO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered September 11, 2009. The judgment convicted defendant, upon a jury verdict, of rape in the second degree (two counts), criminal sexual act in the second degree and incest in the second degree (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of rape in the second degree (Penal Law § 130.30 [1]), one count of criminal sexual act in the second degree (§ 130.45 [1]) and three counts of incest in the second degree (§ 255.26). Contrary to defendant's contention, we conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Defendant's challenge to the weight of the evidence is based largely upon the alleged incredibility of the victim, and we conclude that there is no basis in the record for us to disturb the jury's credibility determinations (*see People v Johnson*, 94 AD3d 1563, 1564, *lv denied* 19 NY3d 962; *People v Ellison*, 302 AD2d 955, 955, *lv denied* 99 NY2d 654). Indeed, the letters written by defendant to the victim provide "compelling corroboration of the victim's testimony as to the nature of their relationship" (*People v Hopkins*, 56 AD3d 820, 823).

Defendant further contends that Supreme Court erred in permitting the prosecutor to improperly bolster the victim's testimony by eliciting testimony from two witnesses concerning the victim's prior consistent statements. We conclude that the testimony of the witnesses at issue did not constitute improper bolstering inasmuch as

it was not admitted for its truth (*see People v Ludwig*, 104 AD3d 1162, 1163). Defendant failed to preserve for our review his contention that certain remarks made by the prosecutor during opening statements and on summation constituted prosecutorial misconduct that deprived him of a fair trial inasmuch as he failed to object to those remarks (*see People v Smith*, 32 AD3d 1291, 1292, *lv denied* 8 NY3d 849). In any event, reversal is not required based upon the alleged misconduct (*see People v Sweeney*, 15 AD3d 917, 917, *lv denied* 4 NY3d 891; *see generally People v Galloway*, 54 NY2d 396, 401).

Defendant also contends that the court erred in allowing the People to present evidence of various uncharged acts of sexual misconduct and violence committed against the victim. Defendant failed to preserve for our review his contention with respect to many of the instances of alleged error (*see People v Hunt*, 74 AD3d 1741, 1742*, lv denied*, 15 NY3d 806; *People v Williams*, 26 AD3d 772, 773, *lv denied* 6 NY3d 840), and we decline to exercise our power to review his contention regarding those alleged errors as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject defendant's contention with respect to the remaining alleged errors, and we conclude that the challenged evidence was properly admitted because it placed the " 'charged conduct in context' " and " 'provided necessary background information on the nature of the relationship' between defendant and the victim" (*People v Leeson*, 12 NY3d 823, 827, quoting *People v Dorm*, 12 NY3d 16, 19; *see People v Shofkom*, 63 AD3d 1286, 1287, *lv denied* 13 NY3d 799, *appeal dismissed* 13 NY3d 933).

Defendant contends that the court erred in admitting letters he wrote to the victim because their prejudicial effect outweighed their probative value. Defendant failed to preserve his present contention for our review because it differs from that raised before the trial court (*see People v Marra*, 96 AD3d 1623, 1625, *affd* 21 NY3d 979), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that the court erred in constructively amending the indictment (*see generally People v Little*, 23 AD3d 1117, 1118, *lv denied* 6 NY3d 777). In any event, defendant's contention lacks merit inasmuch as defendant conceded that he was not prejudiced by the constructive amendment, and the amendment did not change the theory of the prosecution (*see People v Williams*, 24 AD3d 882, 883-884, *lv denied* 6 NY3d 854).

Contrary to defendant's further contention, his sentence is not unduly harsh or severe. Finally, we have reviewed defendant's remaining contention concerning the alleged ineffective assistance of counsel and conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Entered: October 4, 2013                          Frances E. Cafarell
                                                  Clerk of the Court