# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1176

KA 11-01120

PRESENT: SMITH, J.P., CENTRA, FAHEY, CARNI, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

ANTHONY GRIFFIN, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered September 15, 2010. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree (two counts), robbery in the first degree, robbery in the second degree (three counts), assault in the second degree, criminal possession of a weapon in the third degree, intimidating a victim or witness in the second degree (two counts), endangering the welfare of a child, conspiracy in the fourth degree, criminal solicitation in the fourth degree, criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, menacing in the third degree, criminal contempt in the second degree (two counts) and making a punishable false written statement.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reversing those parts convicting defendant of criminal possession of a weapon in the third degree and intimidating a victim or witness in the second degree and dismissing counts 8 through 10 of the indictment, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts each of burglary in the first degree (Penal Law § 140.30 [2], [3]), intimidating a victim or witness in the second degree (§ 215.16 [1], [2]) and criminal contempt in the second degree (§ 215.50 [3]), three counts of robbery in the second degree (§ 160.10 [1], [2] [a; [3]), and one count each of robbery in the first degree (§ 160.15 [3]), assault in the second degree (§ 120.05 [6]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). We reject defendant's contention that County Court erred in denying his motion to sever the counts of the indictment relating to the order of protection and drug possession

from the robbery and burglary counts.  Where counts of an indictment are properly joined because "either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first" (CPL 200.20 [2] [b]), the trial court has no discretion to sever counts pursuant to CPL 200.20 (3) (*see People v Bongarzone*, 69 NY2d 892, 895; *People v Lane*, 56 NY2d 1, 7).  Here, the counts were properly joined pursuant to CPL 200.20 (2) (b), and thus the court "lacked statutory authority to grant defendant's [severance] motion" (*People v Murphy*, 28 AD3d 1096, 1097, *lv denied* 7 NY3d 760).  Defendant "did not seek to reopen the [*Huntley*] hearing based on the trial testimony or move for a mistrial" (*People v Kendrick*, 256 AD2d 420, 420, *lv denied* 93 NY2d 900), and he thus failed to preserve for our review his further contention that the court erred in refusing to suppress his statement to the police based on that trial testimony.  We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to defendant's contention, the testimony of the victim concerning the uncharged crimes of rape and sexual assault was admissible "as background material that completed the narrative of the episode," and the court properly instructed the jury that the testimony was admitted for that limited purpose (*People v Strong*, 234 AD2d 990, 990, *lv denied* 89 NY2d 1016; *see also People v Robinson*, 283 AD2d 989, 991, *lv denied* 96 NY2d 906).

We agree with defendant, however, that the conviction of criminal possession of a weapon in the third degree and intimidating a victim or witness in the second degree is not supported by legally sufficient evidence.  Although defendant failed to preserve his contention with respect to those crimes for our review (*see People v Devane*, 78 AD3d 1586, 1586-1587, *lv denied* 16 NY3d 858), we nevertheless exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), and we modify the judgment accordingly.  With respect to criminal possession of a weapon, the evidence is legally insufficient to establish either that defendant knew that his coconspirator possessed a knife or that he intended to use it unlawfully against another (*see* Penal Law §§ 265.01 [2]; 265.02 [1]; *People v Smith*, 87 AD3d 1169, 1170).  With respect to intimidating a victim or witness, the evidence likewise is legally insufficient to establish that defendant shared his coconspirator's intent to cause physical injury to the victim during the burglary and robbery (*see* § 215.16 [1], [2]; *cf. People v Boler*, 4 AD3d 768, 769, *lv denied* 2 NY3d 761).  Although defendant preserved for our review his legal insufficiency contention with respect to the remaining crimes, we conclude that it lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495).  Furthermore, viewing the evidence in light of the elements of the remaining crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant's challenge to the severity of the sentence lacks merit.  Although defendant is correct that the aggregate maximum term exceeds the 50-year statutory limitation (*see* Penal Law former § 70.30 [1] [e] [vi]), the Department of Corrections and Community Supervision will "calculate the aggregate maximum length of imprisonment consistent with the applicable [statutory] limitation" and reduce the maximum term accordingly (*People v Moore*, 61 NY2d 575, 578; *see People v Jurgensen*, 288 AD2d 937, 938, *lv denied* 97 NY2d 684).  We have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered:  November 15, 2013                    Frances E. Cafarell
                                               Clerk of the Court