# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1187

KA 13-00140

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JAMES H. WASHINGTON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KAREN C. RUSSO-MCLAUGHLIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered December 19, 2012. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree and criminal sexual act in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]) and criminal sexual act in the second degree (§ 130.45 [1]), defendant contends that he was denied effective assistance of counsel. We reject that contention. Contrary to defendant's contention, we conclude that "it is apparent from [defense counsel's] thorough cross-examination of prosecution witnesses and his overall performance that [he] had adequately prepared for trial" (*People v Adair*, 84 AD3d 1752, 1754, *lv denied* 17 NY3d 812; *see People v Miller*, 96 AD3d 1451, 1452, *lv denied* 19 NY3d 999; *People v Arroyo*, 77 AD3d 446, 448, *lv denied* 16 NY3d 741). To the extent that defendant's claim of ineffectiveness is based upon defense counsel's alleged failure to consult experts, it involves matters outside the record on appeal and must therefore be raised by way of a motion pursuant to CPL article 440 or an application seeking other postconviction relief (*see People v Ocasio*, 81 AD3d 1469, 1470, *lv denied* 16 NY3d 898, *cert denied* ___ US ___, 132 S Ct 318). We conclude that defense counsel was not ineffective in failing to call an expert witness to testify on the subject of child sexual abuse accommodation syndrome (*see People v Nicholson*, 118 AD3d 1423, 1425; *People v Green*, 108 AD3d 782, 786, *lv denied* 21 NY3d 1074; *People v Kilbury*, 83 AD3d 1579, 1580, *lv denied* 17 NY3d 860). " 'Defendant has not demonstrated that such testimony was available, that it would have assisted the jury in its determination or that he was prejudiced by

its absence' " (*Kilbury*, 83 AD3d at 1580; *see People v Drennan*, 81 AD3d 1279, 1280-1281, *lv denied* 16 NY3d 858, *reconsideration denied* 17 NY3d 816).  We likewise conclude that defense counsel was not ineffective in failing to retain a medical expert to counter the testimony provided by the People's expert (*see People v Nelson*, 94 AD3d 1426, 1426, *lv denied* 19 NY3d 999; *People v Burgos*, 90 AD3d 1670, 1670-1671, *lv denied* 19 NY3d 862; *see also People v Flores*, 83 AD3d 1460, 1461, *affd* 19 NY3d 881).  Inasmuch as "the People's medical expert testified that there were no physical signs of sexual abuse, which defense counsel carefully highlighted on cross-examination, defense counsel's failure to unnecessarily call a rebuttal medical expert did not constitute ineffective assistance" (*Green*, 108 AD3d at 786).

We reject defendant's further contention that he was denied effective assistance of counsel because defense counsel failed to object to leading questions posed to the victim by the prosecutor. Defendant "did not meet his burden of establishing the absence of any legitimate explanations for that failure" (*People v Madison*, 106 AD3d 1490, 1492 [internal quotation marks omitted]; *see People v Benevento*, 91 NY2d 708, 712-713; *People v Morrison*, 48 AD3d 1044, 1045, *lv denied* 10 NY3d 867).  Although we agree with defendant that certain remarks made by the prosecutor on summation were improper (*see People v Cordero*, 110 AD3d 1468, 1470, *lv denied* 22 NY3d 1137; *People v Benedetto*, 294 AD2d 958, 959-960; *People v Dworakowski*, 208 AD2d 1129, 1130, *lv denied* 84 NY2d 1031), we conclude that they were "not so pervasive or egregious as to deprive defendant of a fair trial" (*People v Johnson*, 303 AD2d 967, 968, *lv denied* 100 NY3d 583 [internal quotation marks omitted]; *see People v Willis*, 79 AD3d 1739, 1741, *lv denied* 16 NY3d 864).  Thus, defense counsel's failure to object to the allegedly improper comments did not constitute ineffective assistance of counsel (*see People v Koonce*, 111 AD3d 1277, 1278-1279).  We have examined defendant's remaining allegations of ineffective assistance of counsel and conclude that they lack merit (*see generally People v Baldi*, 54 NY2d 137, 147).

We also reject defendant's contention that County Court abused its discretion in its *Molineux* ruling.  It is well established that "[e]vidence of a defendant's prior bad acts may be admissible when it is relevant to a material issue in the case other than defendant's criminal propensity" (*People v Dorm*, 12 NY3d 16, 19).  Here, the victim's testimony concerning uncharged acts of sexual abuse that preceded the events charged in the indictment was properly admitted "to complete the narrative of the events charged in the indictment . . . , and [to] provide[] necessary background information" (*People v Workman*, 56 AD3d 1155, 1156, *lv denied* 12 NY3d 789 [internal quotation marks omitted]; *see People v Griffin*, 111 AD3d 1413, 1414-1415, *lv denied* 23 NY3d 1037; *People v Justice*, 99 AD3d 1213, 1215, *lv denied* 20 NY3d 1012).  Contrary to defendant's contention, the probative value of the evidence was not outweighed by its prejudicial effect, and the court's limiting instruction minimized any prejudice to defendant (*see Griffin*, 111 AD3d at 1415; *Workman*, 56 AD3d at 1157).

Finally, the sentence is not unduly harsh or severe.