# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**535**

**KA 12-00840**

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                      MEMORANDUM AND ORDER

MARIO CLARK, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.

MARIO CLARK, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered February 24, 2012. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree (two counts) and robbery in the third degree (two counts) and upon a plea of guilty, of burglary in the second degree and robbery in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts each of burglary in the second degree (Penal Law § 140.25 [2]) and robbery in the third degree (§ 160.05) and convicting him upon his plea of guilty of one count each of burglary in the second degree (§ 140.25 [2]) and robbery in the third degree (§ 160.05). Contrary to defendant's contention in his main brief, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). We further reject defendant's contention in his main brief that Supreme Court erred in refusing to sever the counts of the indictment relating to a burglary and robbery that occurred in May 2011 from those counts relating to a burglary and robbery that occurred in February 2011. "Where counts of an indictment are properly joined because 'either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first' (CPL 200.20 [2] [b]), . . . the trial court has no discretion to sever counts pursuant to CPL 200.20 (3)" (*People v*

*Griffin*, 111 AD3d 1413, 1414, *lv denied* 23 NY3d 1037; *see People v Webb*, 60 AD3d 1291, 1293, *lv denied* 12 NY3d 930).  Here, the evidence from one incident was admissible to establish defendant's intent with respect to the other (*see People v Griffin*, 147 AD2d 897, 897, *lv denied* 73 NY2d 977; *see generally People v Garcia*, 278 AD2d 147, 147, *lv denied* 96 NY2d 759).  We therefore conclude that the offenses were properly joined pursuant to CPL 200.20 (2) (b), "and thus the court lacked statutory authority to grant" the request for severance (*People v Murphy*, 28 AD3d 1096, 1097, *lv denied* 7 NY3d 759; *see Griffin*, 111 AD3d at 1414).

Contrary to defendant's contention in his main and pro se supplemental briefs, he was not denied his right to be present at a material stage of trial based on the fact that he was not present when the court and the attorneys prepared a response to a note from the jury requesting the read-back of trial testimony.  Defendant's "right to be present during a read-back of testimony to the jury . . . did not include the right of defendant to be present at a colloquy between his attorney and the Trial [Justice] which took place outside the jury's presence and involved only the sufficiency of the read-back" (*People v Rodriguez*, 76 NY2d 918, 921; *see People v Afrika*, 13 AD3d 1218, 1222, *lv denied* 4 NY3d 827).  Contrary to defendant's further contention in his main brief, the sentence is not unduly harsh or severe.

Defendant's remaining contentions are raised in his pro se supplemental brief, and none has merit.  We reject his contention that the People were required to move to consolidate the charges related to the February 2011 incident with the charges related to the May 2011 incident.  Inasmuch as, as previously noted herein, the offenses were initially properly joined in a single indictment pursuant to CPL 200.20 (2) (b), the statutory requirements concerning the consolidation of multiple indictments are not applicable here (*see generally* CPL 200.20 [4]; *People v Lane*, 56 NY2d 1, 7).

Defendant further contends that the grand jury proceedings were defective because the prosecutor presented the grand jury with evidence of criminal conduct that was not alleged in the felony complaint.  We reject that contention.  It is well settled that "[t]he offense or offenses for which a grand jury may indict a person in any particular case are not limited to that or those which may have been designated, at the commencement of the grand jury proceeding, to be the subject of the inquiry" (CPL 190.65 [2]).  Contrary to defendant's further contention, the grand jury proceedings were not rendered defective when defendant sought to exercise his statutory right to appear after a true bill had been voted but before the indictment had been filed, and the prosecutor reopened the proceedings before the same grand jury to allow defendant's testimony.  "If the [g]rand [j]ury has voted favorably on the charges, the District Attorney is at liberty to resubmit the matter to the same [g]rand [j]ury, without the necessity of recalling witnesses who have previously testified" (*People v Cade*, 74 NY2d 410, 415; *see People v Young*, 138 AD2d 764, 764-765, *lv denied* 72 NY2d 868).  We likewise reject defendant's contention that during his grand jury testimony the prosecutor

violated defendant's privilege against self-incrimination.  "By
waiving the right to immunity, a testifying defendant before the
[g]rand [j]ury necessarily gives up the Fifth Amendment privilege
against self-incrimination" (*People v Smith*, 87 NY2d 715, 719).
Finally, defendant received adequate notice of the grand jury
proceedings, inasmuch as "the notice provisions of CPL 190.50 (5) do
not obligate the People to provide notice of separate charges
presented to a grand jury which are not included in a pending felony
complaint" (*People v Thomas*, 27 AD3d 292, 293, *lv denied* 6 NY3d 898;
*see People v McNamara*, 99 AD3d 1248, 1249, *lv denied* 21 NY3d 913;
*People v Knight*, 1 AD3d 379, 380, *lv denied* 1 NY3d 630).

Entered:  May 8, 2015                        Frances E. Cafarell
                                             Clerk of the Court