# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

769

KA 13-01574

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JOSEPH MAXEY, JR., DEFENDANT-APPELLANT.

TYSON BLUE, MACEDON, FOR DEFENDANT-APPELLANT.

JOSEPH MAXEY, JR., DEFENDANT-APPELLANT PRO SE.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (WENDY EVANS LEHMANN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered July 11, 2013. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child, rape in the third degree (six counts), rape in the second degree (two counts), and endangering the welfare of a child (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of predatory sexual assault against a child (Penal Law § 130.96), six counts of rape in the third degree (§ 130.25 [2]), two counts of rape in the second degree (§ 130.30 [1]), and two counts of endangering the welfare of a child (§ 260.10 [1]) in connection with offenses committed against his three stepdaughters over a 4½-year period. Defendant failed to preserve for our review his contention that the People were permitted to "overload" their case with *Molineux* evidence (*see People v Moore*, 50 AD3d 926, 927, *lv denied* 10 NY3d 937). In any event, defendant's contention is without merit. County Court permitted limited testimony regarding uncharged offenses, and that testimony was relevant to establish the nature of the relationship between defendant and the eldest victim (*see People v Washington*, 122 AD3d 1406, 1408). The court also properly permitted evidence establishing that defendant is the father of that victim's child, who was conceived when the victim was 17 years old, inasmuch as it
" 'placed the charged conduct in context' " (*People v Leeson*, 12 NY3d 823, 827; *see People v Cullen*, 110 AD3d 1474, 1475, *affd* 24 NY3d 1014). Evidence of other noncriminal conduct provided background information with respect to the nature of the relationship between defendant and the victims (*see Cullen*, 110 AD3d at 1475), and provided

information regarding the family dynamic, which explained why the victims delayed in reporting the abuse (*see People v Justice*, 99 AD3d 1213, 1215, *lv denied* 20 NY3d 1012).  Contrary to defendant's contention, the probative value of the *Molineux* evidence outweighed the prejudicial effect, which was minimized by the court's repeated limiting instructions to the jury (*see Washington*, 122 AD3d at 1408).

We reject defendant's further contention that he was denied effective assistance of counsel based upon the failure of defense counsel to obtain an expert witness to rebut the testimony of the prosecution's expert witness regarding child sexual abuse accommodation syndrome.  Defendant has failed to establish the absence of any strategic or other legitimate explanation for the failure of defense counsel to call an expert (*see generally People v Caban*, 5 NY3d 143, 152).  Defendant has failed to demonstrate that such expert testimony was available, that it would have assisted the jury, or that he was prejudiced by the lack of such testimony (*see Washington*, 122 AD3d at 1407), especially in light of defense counsel's vigorous cross-examination of the People's expert witness.  We reject defendant's additional contention in his pro se supplemental brief that he was denied effective assistance of counsel based upon defense counsel's failure to admit in evidence records of investigations of unfounded allegations of sexual abuse by Child Protective Services. The court properly determined that those records were not admissible (*see* Social Services Law § 422 [5] [b]), and properly sustained the People's objection to hearsay testimony of the caseworker called to testify on defendant's behalf that the victims had denied allegations of sexual abuse.  In any event, we note that defense counsel cross-examined the eldest victim with respect to her prior denials to caseworkers and police that defendant was sexually abusing her.  We conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Defense counsel made only one objection during the prosecutor's summation and thus has failed to preserve for our review his contention regarding two of the three statements that defendant now alleges constituted prosecutorial misconduct on summation (*see People v Johnson*, 121 AD3d 1578, 1579).  In any event, we conclude that defendant's contention that alleged prosecutorial misconduct on summation deprived him of a fair trial is without merit.  The prosecutor's remarks were a permissive response to the defense summation (*see People v Walker*, 117 AD3d 1441, 1441-1442, *lv denied* 23 NY3d 1044), and "did not exceed the bounds of legitimate advocacy" (*People v Miller*, 104 AD3d 1223, 1224, *lv denied* 21 NY3d 1017 [internal quotation marks omitted]).

Entered:  June 19, 2015                          Frances E. Cafarell
                                                 Clerk of the Court