People v Wilcott (2019 NY Slip Op 00213)





People v Wilcott


2019 NY Slip Op 00213


Decided on January 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2019

Friedman, J.P., Gische, Oing, Singh, Moulton, JJ.


8067 5076/13

[*1]The People of the State of New York, Respondent,
v
Alfred Wilcott, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Hunter Haney of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Luis Morales of counsel), for respondent.



Judgment, Supreme Court, New York County (Ronald A. Zweibel, J. at dismissal motion; Daniel P. Conviser, J. at first trial; Ann M. Donnelly, J., at second trial and sentencing), rendered March 23, 2015, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree and menacing in the second degree, and sentencing him, as a second felony offender, to an aggregate term of three to six years, unanimously affirmed.
Defendant's motion to dismiss the indictment was properly denied because he was not entitled to grand jury notice pursuant to CPL 190.50(5)(a) and did not file written notice of his intention to testify before the grand jury prior to the filing of the indictment. A defendant is only entitled to notice of a grand jury presentation as to charges contained in a pending felony complaint (see People v Thomas, 27 AD3d 292, 293 [1st Dept 2006], lv denied 6 NY3d 898 [2006]), and here there was only a misdemeanor complaint. The notice statute should be construed according to its plain language (People v Small, 26 NY3d 253, 259 [2015]).
Defendant's decision to represent himself was knowing and voluntary. The combination of the colloquy conducted at defendant's first trial, which ended in a mistrial, and the second trial court's colloquy with defendant was sufficient to warn defendant of the disadvantages and risks of representing himself and of the important role of an attorney (see People v Torres, 157 AD3d 458 [1st Dept 2018], lv denied 31 NY3d 1088 [2018]; People v Peterson, 273 AD2d 88, 89 [1st Dept 2002]). Furthermore, at the second trial, the court carefully ascertained that defendant still wanted to proceed pro se, and there is no evidence that defendant wanted an attorney at the second trial, or vacillated about representing himself at that trial. In context, defendant's unelaborated remark that he had "no choice" but to represent himself did not cast any doubt on the voluntariness of his waiver of counsel.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 10, 2019
CLERK