People v Paul (2019 NY Slip Op 03166)





People v Paul


2019 NY Slip Op 03166


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.


78 KA 01-01982

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHONDELL J. PAUL, DEFENDANT-APPELLANT. 






THOMAS THEOPHILOS, BUFFALO, FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered May 15, 2001. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts), assault in the first degree, robbery in the first degree (eight counts), burglary in the second degree (two counts), criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is affirmed.
Memorandum: Defendant was convicted upon a jury verdict of, inter alia, two counts of murder in the second degree (Penal Law
§ 125.25 [3]). On a prior appeal, we modified the judgment with respect to the sentence and otherwise affirmed (People v Paul, 298 AD2d 854 [4th Dept 2002]). We subsequently granted defendant's motion for a writ of error coram nobis on the ground that appellate counsel failed to raise an issue that may have merit — specifically, whether the Antommarchi waiver proffered by defendant's trial counsel was valid (People v Paul [Shondell], 148 AD3d 1723 [4th Dept 2017]), and we vacated our prior order. We now consider the appeal de novo.
We reject defendant's contention that his Antommarchi waiver, i.e., his waiver of the right to be present at sidebar conferences during jury selection (see People v Antommarchi, 80 NY2d 247, 250 [1992], rearg denied 81 NY2d 759 [1992]), was invalid (see People v Paul [Tajuan], — AD3d &mdash, — [Apr. 26, 2019] [4th Dept 2019]). Defense counsel "may waive [the Antommarchi] right," which is what occurred here (People v Lewis, 140 AD3d 1593, 1594 [4th Dept 2016], lv denied 28 NY3d 1029 [2016]). Contrary to defendant's contention, "a court need not engage in any pro forma inquisition in each case on the off-chance that a defendant who is adequately represented by counsel . . . may nevertheless not know what he [or she] is doing' " (id., quoting People v Francis, 38 NY2d 150, 154 [1975]). It was unnecessary for the waiver to occur in defendant's presence because "a lawyer may be trusted to explain rights to his or her client, and to report to the court the result of that discussion" (People v Flinn, 22 NY3d 599, 602 [2014], rearg denied 23 NY3d 940 [2014]). "To the extent defendant argues that his off-the-record conversations with counsel did not sufficiently apprise him of his rights, he relies on matters dehors the record and beyond review by this Court on direct appeal. Such claims are more appropriately considered on a CPL 440.10 motion" (People v Jackson, 29 NY3d 18, 24 [2017]; see People v Shegog, 32 AD3d 1289, 1290 [4th Dept 2006], lv denied 7 NY3d 929 [2006]).
Defendant's additional contention that he was deprived of his right to be present at trial conflates the statutory Antommarchi rights with the constitutional rights protected by Parker warnings (see People v Vargas, 88 NY2d 363, 375-376 [1996]; People v Sprowal, 84 NY2d 113, 116-117 [1994]; see generally People v Parker, 57 NY2d 136, 140 [1982]), and is without merit because he was not deprived of his right to be present in the courtroom.
We reject defendant's contention that reversal is required based on mode of proceedings errors with respect to County Court's handling of certain jury notes. Two of the notes at issue, concerning a juror's request to meet privately with the judge, were ministerial in nature (see People v Brito, 135 AD3d 627, 627-628 [1st Dept 2016], lv denied 27 NY3d 1066 [2016]). "[T]he O'Rama procedure is not implicated when the jury's request is ministerial in nature and therefore requires only a ministerial response" (People v Nealon, 26 NY3d 152, 161 [2015]; see People v Williams, 142 AD3d 1360, 1362 [4th Dept 2016], lv denied 28 NY3d 1128 [2016]). We thus conclude that "there was no O'Rama error requiring this Court to reverse the judgment" based on the two notes (People v Hall, 156 AD3d 1475, 1476 [4th Dept 2017]). Moreover, we note that even a ministerial response by the court was obviated by the fact that the second note at issue nullified the request made in the first note (see People v Albanese, 45 AD3d 691, 692 [2d Dept 2007], lv denied 10 NY3d 761 [2008]). Because the remainder of the jury notes in question were read into the record in the presence of counsel and the jury, the court "complied with its core responsibility to give counsel meaningful notice of the jury's notes . . . [and, t]hus, no mode of proceedings error occurred" (Nealon, 26 NY3d at 160). As a result, defendant was required to object in order to preserve his contention that the court did not meaningfully respond to the relevant jury notes (see id.; Williams, 142 AD3d at 1362). Defendant failed to do so, and we decline to exercise our power to review his contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Contrary to defendant's contention, the admission of hearsay testimony implicating him in the crimes does not require reversal because defendant opened the door to the challenged testimony (see People v Reid, 19 NY3d 382, 387-388 [2012]). Inasmuch as defendant's cross-examination of a witness may have created a misimpression, the People were entitled to correct that misimpression on redirect examination (see People v Taylor, 134 AD3d 1165, 1169 [3d Dept 2015], lv denied 26 NY3d 1150 [2016]). Furthermore, we reject defendant's contention that defense counsel was ineffective for opening the door to that testimony. Defendant failed to demonstrate the absence of strategic or other legitimate explanations for that alleged deficiency (see generally People v Howie, 149 AD3d 1497, 1499-1500 [4th Dept 2017], lv denied 29 NY3d 1128 [2017]). There also is no merit to defendant's remaining allegations of ineffective assistance of counsel (see generally People v Caban, 5 NY3d 143, 152 [2005]; People v Benevento, 91 NY2d 708, 713-714 [1998]).
Upon viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The quality of the witnesses and the existence of cooperation agreements "merely raise credibility issues for the jury to resolve" (People v Barnes, 158 AD3d 1072, 1072 [4th Dept 2018], lv denied 31 NY3d 1011 [2018]). Moreover, we are satisfied that the accomplice testimony was sufficiently corroborated (see People v Smith, 150 AD3d 1664, 1665 [4th Dept 2017], lv denied 30 NY3d 953 [2017]; People v Highsmith, 124 AD3d 1363, 1364 [4th Dept 2015], lv denied 25 NY3d 1202 [2015]).
There is also no merit to defendant's contention that the indictment should have been dismissed due to an inadequate grand jury notification. The People were under no obligation to serve a grand jury notice about charges that were not included in the felony complaint (see People v Clark, 128 AD3d 1494, 1496 [4th Dept 2015], lv denied 26 NY3d 966 [2015]).
Contrary to defendant's additional contention, he was not prejudiced by his codefendant's introduction of allegedly confusing alibi evidence because codefendant's counsel clarified any possible confusion concerning that evidence on redirect examination and in summation (see Paul, — AD3d at — cf. People v Jarvis, 113 AD3d 1058, 1060-1061 [4th Dept 2014], affd 25 NY3d 968 [2015]). Defendant also suffered no prejudice from the court's alibi charge because the charge, as a whole, was proper; indeed, it included numerous warnings that the People had the burden of disproving the codefendant's alibi beyond a reasonable doubt (see People v Castrechino, 24 AD3d 1267, 1267-1268 [4th Dept 2005], lv denied 6 NY3d 810 [2006]).
Given defendant's resentencing, we do not consider his challenge relating to his sentence, and we dismiss the appeal from the judgment to that extent (see People v Linder, — AD3d &mdash, &mdash, 2019 NY Slip Op 01965, *4 [4th Dept 2019]; People v Haywood, 203 AD2d 966, 966 [4th Dept 1994], lv denied 83 NY2d 967 [1994]).
Finally, we have considered defendant's remaining contentions and
conclude that none warrants reversal or modification of the judgment.
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court